JOHN CASSIDY

*vs.*

THE ROYAL EXCHANGE ASSURANCE OF LONDON.

Penobscot.     Opinion December 22, 1904.

*Insurance. Policy. Construction. Award. Estoppel.*

The plaintiff held an insurance contract in the form of the Maine Standard Policy, in the sum of $1000, upon certain lumber, situated in two or more piles more than 100 feet apart. A loss occurred and referees were appointed who found only the value of the lumber destroyed, without determining whether more than one pile of lumber was damaged and whether the damaged piles were more or less than 100 feet apart.

The policy contained this clause: "This policy to attach in each locality in proportion as the value in each bears to that of all, this clause to be inoperative when the lumber piles are less than 100 feet apart."

*Held,* in an action to recover upon the award, the above clause must be construed as a proviso, not as an exception, and that the burden of proof falls upon the defendant to show that the loss came within the proviso.

*Held,* further, the burden of proof being upon the defendant to establish the facts upon which the above apportionment clause would attach, it was its duty if it desired to establish them, to have done so before the referees and it is now estopped to require the plaintiff to submit to another reference to obtain them.

On report.    Judgment for plaintiff.

Assumpsit on policy of fire insurance issued by defendant company to the plaintiff.    In the court below, upon the completion of the evidence offered by the plaintiff, the defendant offering no evidence and by agreement of the parties, the case was "reported to the Law Court to order such judgment or further proceedings in the case as the rights of the parties may require."

The case appears in the opinion.

*Matthew Laughlin,* for plaintiff.

*Forrest J. Martin and H. M. Cook,* for defendant.

SITTING:   WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

SPEAR, J.    This case comes up on report.    The plaintiff on the 25th day of August, 1902, effected a contract of insurance with the defendant company under a Maine standard policy in the sum of $1000 upon certain lumber situated at the Elbow Siding at Twin Dam, Maine.    Upon the same lumber was other insurance to the amount of $1000, but under the facts it has no bearing upon the decision of this case.

Before the expiration of his policy a fire occurred by which the plaintiff's insured lumber was mostly destroyed.    The plaintiff and the defendant could not adjust the loss between themselves and therefore the plaintiff was obliged by the terms of the defendant's policy to submit to a compulsory reference in order to obtain any recognition whatever from the insurance company.    Referees were accordingly selected, a hearing had and an award made, fixing the amount of the plaintiff's loss and damage on his lumber in the sum of $2084.25.

The policy covering this lumber contained this clause. "This policy to attach in each locality in proportion as the value in each bears to that of all. This clause to be inoperative when the lumber piles are less than one hundred feet apart." This policy to attach, etc., is what may be termed the apportionment clause.

That is if there were piles of lumber in two localities, each valued at $1000, and together insured for $1000, and one should be consumed by fire, then the amount of insurance due would be $500, as the value of the lumber burned in this locality would be one half the value of all the lumber insured. The policy itself determines that piles of lumber shall not be regarded as situated in different localities when less than one hundred feet apart.

The defendant contends that the reference settled only the value of the lumber specified in the agreement of submission, and that the question of whether the lumber was situated in different localities so as to come within the terms of the apportionment clause is still open. On the other hand the plaintiff asserts that, conceding the lumber to have been so piled as to have come within the clause, yet the defendant is now estopped from making such claim, not having raised the point in any of the negotiations nor before the referees.

The validity of these contentions depends upon the construction to be placed upon the apportionment clause in the policy. If it is held to be an exception the defendant is right, as the burden of proof would rest upon the plaintiff to negative the exception. If it is construed as a proviso the plaintiff is right, as the burden would then be upon the defendant to show that the loss came within the proviso.

The evidence is conclusive that the agent representing the insurance company had examined the lumber in question, its quantity, its value, its location, the manner in which it was piled, the relation of the piles to each other and the distance they were apart. The knowledge of the agent was the knowledge of the company.

With this information the defendant did not insert, nor suggest the insertion, in the articles of submission, any request for a finding by the referees of the value of the different piles of lumber, destroyed or not destroyed, or of the distance between the different piles, destroyed or not destroyed, as the basis upon which an apportionment

could be made under the terms of its policy, nor did it offer any evidence as to these facts. Such a basis was required, however, if the apportionment clause was to be invoked, before the amount of insurance to which the plaintiff was entitled could be determined. The award therefore furnished no foundation, whatever, for an adjustment under the apportionment clause of the policy, because neither the number of piles, their distance apart, their value, nor whether destroyed or not destroyed, is specified in the award. But in order to enable an apportionment these facts must be found, as actually, the lumber insured was situated in several different piles more than one hundred feet apart.

If the burden of proof was upon the defendant and it desired to raise the question of apportionment, it should have submitted to the referees a request for a finding of the essential facts upon which to base it, or have presented evidence of these facts, and not have stood by with a full knowledge of all the requirements, and have allowed the plaintiff to go through the form of a nugatory reference.

We think the apportionment clause was a proviso and that the burden of proof rested upon the defendant to bring itself within its terms so that by the report of the referees the whole case could have been disposed of. We do not know precisely the purpose of our statute, enacting the standard policy of insurance and taking away the right of trial by jury from the insured and leaving it optional with the insurance corporation, as no individual under our statutes can do insurance business, but we do not think it should be construed, whatever was intended, to compel the insured to submit to a reference and having done so, be again compelled to bring an action at law to enable the company to make a defense which it could and should have raised before the referees.

The distinction as to which class, exceptions or provisos, a particular stipulation in a policy belongs is a very sharp one. In *Sohier* v. *Norwich Ins. Co.*, 11 Allen, 336, after the description in the policy of the property insured, this clause was inserted. "This policy not to cover any loss or damage by fire which may originate in the theater proper." It was held that the burden was upon the plaintiff to show a loss not originating in the theater proper.

The court said, "If that clause can be regarded as a proviso, that is, a stipulation added to the principal contract, to avoid the defendant's promise by way of defeasance or excuse, then it is for the defendants to plead it in defense and support it by evidence. But if, on the other hand, it is an exception so that their promise is only to perform what remains after the part excepted is taken away, then the plaintiff must negative the exception to establish a cause of action. It is not always easy to determine to which class, whether of provisos or exceptions, a particular stipulation belongs; and this one is certainly very near the line."

In *Kingsley* v. *New England Ins. Co.*, 8 Cush. 393, the court held that the stipulation in the policy, "on condition that the applicant take all risk from cotton wastes," was not an exception but a proviso and that the burden was not on the plaintiff to show that the loss occurred in some other way than from cotton waste, and that the defendant must set it up in defense and support it by evidence.

The essential part of the plaintiff's policy is as follows, "$1000 on lumber his own or consigned, or sold and not removed, lying alongside, or piled, or struck, or in cars, of the branch track, of the Twin Lakes Lumber Co., known as Elbow Siding, situated at Twin Dam, Maine. Other insurance permitted. This policy to attach in each locality in proportion as the value in each bears to that in all. This clause to be inoperative when the piles are less than one hundred feet apart." This clause cannot be construed as an exception.

Exception is defined by Anderson's Dic. as "something withheld, not granted or parted with; the exclusion of the thing, or the thing or matter itself as excluded." By the Century Dictionary as "the act of excepting or leaving out of account; exclusion or the act of excluding from some number designated, or from a statement or description."

An exception is a proviso that excludes something from a statement or description. Take the case above cited in which occurs the clause, "this policy not to cover any loss or damage by fire which may originate in the theater proper," and it will at once appear that if the fire originated in the theater the policy covered no loss whatever caused by that fire. That is, if the fire happened in a certain way

the policy excluded it.   If it happened in any other way, remained in full force.   And it was properly held, although a close question, that the burden was upon the plaintiff to show that his policy was operative as to the loss.

The other cases cited by the defendant are decided upon the same principle.   In *Blake* v. *Manufacturers Ins. Co.*, 12 Gray, 603, the defendant insured certain goods to be conveyed by boat, against damage by being wet by salt water.   The court held that the burden was on the plaintiff to show damage by salt water.   Certainly. Otherwise the plaintiff proved no loss, whatever, under his policy. In *Paddock* v. *The Commercial Ins. Co.*, 104 Mass. 521, the policy did not attach, at all, unless the loss amounted to five per cent.   Of course it was incumbent upon the plaintiff to prove such a loss, otherwise he presented no case under his contract.   *Cory* v. *Boylston Ins. Co.*, 107 Mass. 140, is to the same effect.   The policy provided that "the insurers shall not be liable for any partial loss unless it amounts to five per cent."

If the clause we are now considering had read, "this policy not to attach when piles of lumber are more than one hundred feet apart," it might be construed as an exception because the lumber so piled was absolutely excluded from the application of the policy, and no. action would lie.   Therefore the plaintiff to present any cause of action at all must negative the fact that the piles of lumber were more than one hundred feet apart.   But the clause does not so read. Instead of excluding anything from the application of the policy it expressly declares that this policy shall attach in any event, but shall be modified in its application to the loss in accordance with the existence of certain facts at the time of the fire.   The apportionment clause does not work a defeasance of the right of the policy to attach to the loss whether the piles of lumber be ten or ten hundred feet apart.   The insurance clause is general and applies to all lumber insured.   Under it, if property of the value of $1000 had been destroyed, whether in one pile or several piles, however far apart, the plaintiff would have been entitled to recover the full amount.   The plaintiff could have stopped with the general insurance clause and presented a complete contract.   The apportionment clause is but a

modification of this general contract. It does not except, it simply limits. It is not so connected with it as to form a necessary part of it; it only specifies a contingency upon the happening of which the policy may be modified, not to enlarge, but to diminish, the liability of the defendant.

Even the contingency specified may not happen at all. If the piles of lumber, one or more of which is destroyed by fire, are less than one hundred feet apart, it does not happen, and the general insurance contract is not affected in the least; if more than one hundred feet apart it does happen and the defendant's liability then attaches and this limiting proviso operates with full force and diminishes the liability of the defendant company.

But it is held that if a stipulation is added to the principal contract to avoid the defendant's promises by way of defeasance or excuse, it is for the defendant to plead it in defense and support it by evidence. *Sohier* v. *Norwich Ins. Co.,* 11 Allen, 338. And no reason is apparent why the same construction should not apply to a clause which operates as a partial defeasance or excuse.

The burden of proof being upon the defendant to establish the facts upon which the apportionment clause would attach, it was its duty, if it desired to establish them, to have done so before the referees and it is now estopped to require the plaintiff to submit to another reference to obtain them.

In accordance with the terms of the report the entry must be,

*Judgment for the plaintiff in the sum of one thousand dollars, and interest from the date of the writ.*